BIVENS WINCHESTER CORP., et al, Appellants,

v.

Robert POTEET, Appellee.

No. 04–85–00552–CV.

Court of Appeals of Texas, San Antonio.

Oct. 31, 1986.
Rehearing Denied Dec. 4, 1986.

Luther H. Soules, III, Rand J. Riklin, James R. Cliffe, San Antonio, for appellants.

Eugene Stewart, Carrizo Springs, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

BUTTS, Justice.

This is a suit to rescind a contract, brought by plaintiff, Robert Poteet, against defendants, Bivens Winchester Corporation, manufacturer of car washing equipment, and John A. Curtis, d/b/a Curtis Car Care Equipment. Curtis is not a party to this appeal.[1] A jury found for Poteet, the buyer.

The evidence shows that in April, 1983, Poteet purchased from Bivens through its distributor, Curtis, a Model 460A automatic car washer and a "money box," also called a "jabber." Although other items were also purchased, they are not featured prominently in this appeal. It is clear from the evidence that the car washer, a "slant brush" model, never operated as it should. Constant problems arose, such as persons in automobiles caught in non-stop cycles unable to leave the operation without aid, mirrors and an antenna torn off by the machine, the track malfunctioning, the "jabberbox" malfunctioning, air hoses rupturing, and other problems. On November 2, 1983, Poteet's attorney gave written notice of repudiation of the contract. TEX. BUS. & COM.CODE ANN. § 2.601, 2.602 (Vernon 1968). The defendants did not pick up the car wash equipment as requested, and Poteet continued to try to use the automatic car washer. It was shown that

---

1. On January 29, 1986, all parties, through their attorneys, filed their Amended Agreed Motion for Reversal as to John A. Curtis. This was based on an agreed order of dismissal with prejudice at the trial level. This court improvidently denied the motion. At this time the motion is granted. TEX.R.CIV.P. 387a(a)(1).

Poteet operated two manual car wash places in Carrizo Springs, and the slant bruch automatic car wash was installed at one of these.

Bivens brings three points of error in connection with special issue five, which states:

> What sum of money do you find from a preponderance of the evidence to be the benefit derived by Mr. Poteet from the use of the equipment from the time it was delivered to the date of trial.
>
> Answer: $ –0–

In all three points Bivens argues the answer is against the great weight and preponderance of the evidence, there is no evidence, and there is insufficient evidence to support the jury's answer to special issue five. Bivens preserved its "against the great weight and preponderance of the evidence" point factual insufficiency by a motion for new trial. *See* requirement of TEX.R.CIV.P. 324(b)(3). Bivens also filed its motion for judgment notwithstanding the verdict as to special issue five, legal insufficiency.

■ The appellate court reviews the evidence on "great weight" points under the standard discussed in Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361 (1960). When there is evidence of probative force tending to prove the existence of a vital fact and evidence tending to disprove its existence, the point of error is that the finding is against the great weight and preponderance of the evidence. In this case, the court will follow this rule: If the finding of the non-existence of the vital fact, considering all of the evidence, is so contrary to the great weight and preponderance as to be clearly wrong and unjust, the court should sustain the point; otherwise the court should overrule the point. *Id.* at 367–68. A great weight point requires a review of all the evidence. *See*, 4 R. McDONALD, TEXAS CIVIL PRACTICE § 18.14 (1984); *Killian v. Trans Union Leasing Corp.*, 657 S.W.2d 189, 192 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

■ The parties joined issue and went to trial on the original petition and original answer, a general denial. The affirmative defense of setoff for use of the equipment was tried by consent. The record does not reflect why Poteet was permitted to retain the equipment after November 2, 1983. Bivens argues the evidence that the car washer receipts exceeded the operating expenses each month, resulting in a benefit to Poteet. However, Poteet told about other expenses such as supplies of soap and waxes, costs of electrical and cement work, and his own maintenance labor expense. He testified that, as a result, the benefit of the machine to him was "none." Although both parties brief the matter, it is unnecessary for us to consider whether TEX.BUS. & COM.CODE ANN. § 2.608 (Vernon 1968) permits recovery in Texas by the seller if there is a benefit to the buyer under the same circumstances as in this case. We hold the jury finding of "zero" benefit is not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

■ Ordinarily the appellate court will address a "no evidence" point first, however, Biven's "no evidence" point should state, instead, that the evidence established conclusively, or as a matter of law, that Poteet derived monetary benefit from use of the equipment, not that there is no evidence to support the finding. It is axiomatic that the factfinder's failure to find a fact need not be supported by the evidence. In fact, the only time such a failure can be error is when the fact has been established conclusively or as a matter of law. The matter of setoff, tried by consent, constituted an affirmative defense; the burden of proof was upon Bivens. After examining the evidence, we cannot say that the affirmative defense was established conclusively or that Bivens was entitled to a setoff as a matter of law. Points of error one, two, and three are overruled.

In the fourth point of error Bivens contends Poteet waived his entitlement to prejudgment interest by failing to plead for it.

Poteet prayed for general relief in this case. Prejudgment interest is that interest calculated on the sum payable to the plaintiff from the time of his loss or injury to the time of judgment. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109, 116 (Tex.1978, *on rehearing*, 1979).

■ Prejudgment interest is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date certain prior to judgment. *Howze v. Surety Corp.*, 584 S.W.2d 263, 268 (Tex.1979). In this case the principal sum owed is determined by reference to a fixed date, the date of repudiation, and the contract price. The trial court correctly awarded prejudgment interest. *See, Plains Cotton Cooperative Association v. Wolf*, 553 S.W.2d 800, 807 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). The point of error is overruled.

■ We sustain the fifth point of error: that the judgment should have been modified as Bivens requested to provide for the return of the equipment to Bivens upon payment of the amount of judgment or the posting of a supersedeas bond while the case is on appeal. A buyer is not entitled to retain the goods as well as recover the full amount of the purchase price from the seller. *Explorers Motor Home Corp. v. Aldridge*, 541 S.W.2d 851, 854 (Tex.Civ. App.—Beaumont 1976, writ ref'd n.r.e.). In this case once full payment is made, or supersedeas bond posted while the case is on appeal, Poteet must release the goods to the seller, Bivens. We order that the judgment be so modified.

■ In his sixth point of error Bivens urges that the agreement limited Poteet's remedies to service, repair, and replacement of defective parts for one year. The argument is that he could not avail himself of the remedy to revoke his acceptance of the goods. *See*, section 2.608, *supra*. We have read the relevant portions of the record cited by Bivens, but we find no specific limitation of remedies. While we agree that the parties to a contract may

validly limit a buyer's remedies, that was not done in the instant case. In addition, this defensive issue was not raised by pleading or tried by consent. The point was waived.

■ In points of error seven and eight Bivens challenges the jury finding that the Slant Brush Model 460A, the car washer, and the Money Box were a "commercial unit" defined in the jury charge as:

A unit of goods as by commercial usage is a whole for the purposes of sale and division of which materially impairs its character or value on the market or in use. The fact that two items may be used together does not establish that they constitute a commercial unit.

The definition found in Section 2.105 of the Business and Commerce Code is substantially the same. Ted Winchester, an owner of the car washer firm, testified that the only time the machine will start and "do what it's supposed to do" is when it gets an electrical impulse from the money box. The "jabber box" is the money box. He said his firm stopped using the jabber box because it was too complicated, the signals coming from the box were too erratic. "That's what made the machine keep running, and it might have made it even go over the end of the track. It was either that or the limit switch." Evidence showed that without the money box, the car washer would not operate. The firm sold the jabber box together with the car washer. Bivens now argues it was optional as to the model. Other kinds of money boxes were on the market, however, that is the one the sellers showed Poteet at the time of his purchase. Winchester also testified that without the money box, the car washer could operate with key switches, but an attendant would have to be there to collect the money.

Bivens argues there is no evidence, and insufficient evidence to support the jury finding that the car washer and the money box were a commercial unit. It further says the finding is against the great weight and preponderance of the evidence.

"No evidence" points must be based upon and related to one or more of the following procedural steps in the trial court: (a) motion for instructed verdict; (b) objection to the submission to the jury of a vital fact issue; (c) motion for judgment notwithstanding the jury's verdict; (d) motion to disregard the jury's answer to a vital fact issue. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error, supra* at 362. An examination of the record fails to disclose a procedural predicate in the trial court which supports the no evidence challenge to the "commercial unit" finding. That point was waived.

The factual sufficiency challenge was argued in a motion for new trial as contrary to the overwhelming weight and preponderance of the evidence. The contract reflects that Poteet purchased the money box along with the car washer. The evidence is that he did not look at another kind of money box, nor did he ask to see another. He purchased the same kind he saw demonstrated with the car washer. The washer could be started only with the money box, and could continue to operate only with the electrical impulses from it. The jury in this case, based on the evidence, could find the car washer and the money box were a commercial unit. We cannot find this was so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. The points of error are overruled.

 Special issue one asked:
Do you find from a preponderance of the evidence that the equipment purchased by Robert Poteet suffered frequent breakdowns and did not give reliable service from the date of purchase to November 2, 1983.

\* \* \* \* \* \*

A. Slant Brush Model 460A: Answer: We do.
B. Money Box: Answer: We do.

\* \* \* \* \* \*

Special issue two asked whether they found the frequent breakdowns impaired the value of the items to Poteet from date of purchase to November 2, 1983. The jury answered, "We do," as to both items.

In points of error nine through twelve Bivens challenges the findings in special issues one and two against the Slant Brush model 460A. We note that no predicate as required was presented to that trial court to preserve a "no evidence" point on the answers. However, Bivens did preserve its "great weight" point in the motion for new trial. An examination of all the evidence leads to the conclusion that the findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Moreover, Bivens does not challenge the jury findings against the money box, and this was found to be part of the commercial unit. The points of error are overruled.

Except as to the reformation order, the judgment is affirmed. The trial court is ordered to reform the judgment to provide for return of the equipment to Bivens upon payment of the amount of judgment or the posting of a supersedeas bond while the case is on appeal, and to order that once full payment is made or the required bond posted, Poteet must release the goods to Bivens.