John V. WHEAT, Appellant,

v.

AMERICAN TITLE INSURANCE COMPANY, Appellee.

No. 01–87–00315–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 2, 1988.

Will G. Dickey, Houston, for appellant.

James P. Bailey, Bailey & Eads, Spicewood, for appellee.

Before JACK SMITH, BISSETT and COHEN, JJ.

OPINION

JACK SMITH, Justice.

The sole issue in this appeal is whether the appellant is entitled to prejudgment interest and, if so, what rate of interest is applicable.

The appellant, plaintiff in the court below, brought suit to compel American Title Insurance Co. and Texas Title Guaranty Company, Inc. ("American"), to pay him his "override" commission as provided in the parties' written agreement. After a bench trial, the judge awarded plaintiff $61,508.43 and attorney's fees, but no prejudgment

interest. The appellant did not file a timely motion for findings of fact and conclusions of law.

The record indicates that the parties entered into a five-year contract on October 1, 1973, for the appellant to act as the appellees' "state manager." His duties included promoting the title business in Texas, and collecting premiums from local agents on the title policies that they sold. The contract required the appellant to "timely" remit a portion of this premium, the remainder being the appellant's remuneration.

The appellees decided not to renew the appellant's contract at the end of the contractual term, and a controversy arose between the parties concerning the "override" on policies that were sold prior to, but not reported until after, termination of the contract on September 30, 1978. (It was the common practice of local title agents to delay in reporting polices for up to a year.) The appellant contended that he was entitled to the "override" on these policies, while the appellees contended that all rights to the "override" terminated at the end of the contract.

At trial, the appellant alleged that the appellees' employees had told him that he was entitled to the "override," creating an issue of estoppel. The appellant also argued that the express terms of the contract provided for this type of payment. The appellees contended that their employees had no such authority and that the contract did not provide for the disputed "override" payment.

Brenda Boyd, the appellant's operations manager, testified that, calculating from the appellees' records, she had tabulated the amount of "override" due the appellant from the pre-October 1, 1978 policies, and that these "overrides" totalled $71,293.63. She further stated that the appellant had retained $9,785.20 in premiums due the ap-

pellees, leaving $61,508.43 owing to the appellant. The court awarded this exact amount to the appellant.

In his sole point of error, the appellant contends that the district court erred in failing to award him prejudgment interest on the $61,508.43. Specifically, he contends that he is entitled to prejudgment interest as a matter of law. Alternatively, he contends that equity entitles him to the prejudgment interest.

■ The appellant alleged causes of action in contract, conversion, and agency. Despite the appellant's failure to timely request findings of fact and conclusions of law, the trial court's award of $61,508.43, which was the amount that the appellant's manager testified was due under the terms of the contract, taken along with an award of attorney's fees, indicates that the appellant recovered only on his contract theory.[1]

■ Texas law provides that a prevailing plaintiff may recover prejudgment interest on damages that have accrued by the time of judgment. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex. 1985). Recoverable prejudgment interest includes both liquidated and unliquidated claims in contract and tort, as well as personal injury claims. *Id.* at 553.

■ Prejudgment interest may be awarded under contractual or equitable theories. *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988). Tex.Rev.Civ. Stat.Ann. art. 5069–1.03 (Vernon 1987) permits prejudgment interest recovery on contracts, but only when those contracts "provide the conditions upon which liability depends and that it[sic] fix 'a measure by which the sum payable can be ascertained with reasonable certainty.'" *Perry Roofing Co. v. Olcott*, 744 S.W.2d at 930. (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567

---

1. The trial court could not have rendered the judgment that it rendered in the instant case on a conversion theory because money is subject to conversion only when it can be described or identified as a specific chattel, and not where an indebtedness may be discharged by the payment of money generally. *Crenshaw v. Swenson*, 611

S.W.2d 886, 891 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Gronberg v. York*, 568 S.W.2d 139, 144 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Additionally, any action under a principal/agent theory would have arisen under the contract.

(Tex.1984)). If the sum payable is not ascertainable from the contract, then prejudgment interest may be appropriate in equity. *Id.* The rate of equitable prejudgment interest is that rate specified in Tex. Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon 1987). *Id.*

In light of the above stated rules of law, this Court must first determine whether the contract provides the conditions on which liability depends and, if so, whether the contract fixes a measure by which the sum payable can be ascertained with reasonable certainty. *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d at 567.

■ The contract in the instant case provided for the appellant to retain a fixed percentage of the premium on each title policy *issued* while his "state manager" contract was in force. That period lasted from October 1, 1973, until September 30, 1978. Furthermore, the contract fixed the amount of compensation at an amount consisting of the remainder of the premium collected that was not allocated to the appellees as "reinsurance" under the contract. This contract provided the necessary criteria to ascertain the sum payable. *See Missouri–Kan–Tex R.R. Co. v. Fiberglass Insulators,* 707 S.W.2d 943 (Tex.App. —Houston [1st Dist.] 1986, writ ref'd n.r. e.). Therefore, if the appellant is entitled, prejudgment interest in the instant case is appropriate under article 5069–1.03, which provides:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

■ Prejudgment interest is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date certain prior to judgment. *Howze v. Surety Corp. of*

*America,* 584 S.W.2d 263, 268 (Tex.1979) (op. on reh'g); *Black Lake Pipe Line Co. v. Union Constr. Co.,* 538 S.W.2d 80, 95–96 (Tex.1976); *Bivens Winchester Corp. v. Poteet,* 720 S.W.2d 659, 662 (Tex.App.—San Antonio 1986, no writ).

"Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984); *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). The appellate court is to consider the evidence in the light most favorable to the judgment, giving effect to all reasonable inferences that may be drawn, and disregarding all contrary or conflicting evidence. *Aguilar v. Baker,* 699 S.W.2d 915 (Tex.App.—Houston [1st Dist.] 1985, no writ.).

To support the trial court's judgment denying prejudgment interest, we must presume that the court found no date certain prior to judgment on which the sum awarded became due and payable. If we are to do so, however, there must be evidence to support this presumption. *Lassiter v. Bliss,* 559 S.W.2d at 358.

■ Mrs. Boyd provided the only evidence on the amount of the "override" due; her testimony was uncontroverted. She stated that she did not know the dates that each premium was collected. She stated further that the last records she used to calculate the "overrides" were from 1981. No month in 1981 was specified; thus, December 31, 1981, will be presumed. Judgment was entered January 14, 1987, six years later. There was no evidence to contradict Boyd's testimony that the sum was ascertainable from January 1982, until January 1987.[2]

■ Finally, the appellees allude to the fact that the case was not prosecuted vigorously until it was placed on the dismissal docket in 1985. The trial court could not properly have considered this fact in determining the award. A trial court has no

---

2. The appellees contend that the sum was not ascertainable over this period because the appellant failed to produce any evidence about when the $9,785.20 (credited against the amount owed) was collected by the appellant. These offsets, however, were part of the appellees' *counter-claim.* Therefore, the appellees had the burden of proof to provide a date certain.

discretion to alter a prejudgment award because of delays caused by either party. *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex.1986).

The appellant was entitled to prejudgment interest from December 31, 1981, until date of judgment, January 14, 1987. We order that, pursuant to article 5069–1.03, the judgment be reformed to reflect that the appellant is awarded prejudgment interest at the rate of six percent to accrue beginning 30 days after December 31, 1981, until the date of judgment. Because of the manner in which we have resolved this appeal, we need not address the appellant's contention that he is entitled to prejudgment interest in equity.

The appellant's sole point of error is sustained.

The judgment of the trial is reformed to reflect that the appellant is awarded prejudgment interest at the rate of six percent, commencing 30 days after December 31, 1981, until the date of judgment. This cause is remanded to the trial court for a determination of the amount of prejudgment interest accrued in conformity with this opinion. In all other respects, the judgment of the trial court is affirmed.