**Estefana S. MEDRANO, Appellant,**

v.

**Jose Mata MEDRANO, Appellee.**

**No. 04–90–00500–CV.**

Court of Appeals of Texas,
San Antonio.

May 8, 1991.

Richard J. Gonzalez, Laredo, for appellant.

Ramon A. Villafranca, Laredo, for appellee.

Before CHAPA, BIERY and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellant, Estefana S. Medrano, sued the appellee, Jose Mata Medrano, for failing to make child support payments, as ordered by the court, from August 5, 1983 through March 2, 1990. The trial court awarded appellant $20,500.00; additionally, the court granted appellee a credit in the sum of $5,000.00 for payments made by the appellee towards a note payable by appellant in the sum of $1,400.00, for payments made by appellee towards the purchase of a car in the sum of $3,000.00, and for the use of a car belonging to appellee by appellant in the sum of $600.00. Although the appellant sought prejudgment interest based on the full $20,520.00 that was owed, the trial court, nevertheless, refused to award appellant any prejudgment interest.

The dispositive issues are:

1. whether the trial court erred in reducing appellee's child support arrearage by crediting appellee for appellant's use of his car, for appellee's payments towards the purchase of another car, and for appellee's payments towards a note payable by movant, and;

2. whether the trial court erred in failing to award prejudgment interest on unpaid child support payments.

Initially, appellant contends that the trial court erred in reducing appellee's child support arrearage by offsetting amounts allegedly owed to the appellee by the appellant.

■ Texas Family Code § 14.41(a) (Vernon Supp.1991), states, in pertinent part, the following:

A periodic child support payment not timely made shall constitute a final judgment for the amount due and owing. On the motion of an obligee or obligor, after notice and hearing, the court shall confirm the amount of child support in arrears and shall render judgment against an obligor for any amount of child support unpaid and owing. *The judgment rendered by the court may be subject to a counterclaim or offset as provided by Subsection (c) of this section.* The judgment may be enforced by any means available for the enforcement of judgments for debts.

(Emphasis added.) Subsection (c) maintains that:

If the managing conservator has voluntarily relinquished to the obligor the actual care, control, and possession of a child for a time period in excess of the court-ordered periods of possession of and access to the child, the child support order continues unabated until further order of the court as provided by Section 14.08 of this code. *However, an obligor who has provided actual support to the child during such time periods may seek reimbursement for that support as a counterclaim or offset against the claim of the managing conservator.* An action against the managing conservator for support supplied to a child shall be limited to the amount of periodic payments previously ordered by the court.

TEX.FAM.CODE § 14.41(c) (Vernon 1986) (emphasis added).

No other provision is made for offsets or credits. In fact, the statute specifically declares that "[t]he court may not reduce or modify the amount of child support arrearages *in rendering judgment under this section.*" TEX.FAM.CODE § 14.41(d) (Vernon 1986) (emphasis added). Further, § 14.40 of the Texas Family Code likewise holds that "[t]he court may not reduce or modify the amount of child support arrearages *in a contempt proceeding.*" TEX. FAM.CODE § 14.40(d) (Vernon 1986) (emphasis added).

In the present case, the order in question specifically states the following:

The Court gives credit to the Respondent in the sum of $5,000.00 for payments made by Respondent towards a note payable by Movant in the sum of $1400.00, and for payments made by Respondent towards the purchase of a car in the sum of $3,000.00, and for the use of a car belonging to Respondent by Movant in the sum of $600.00.

Clearly, the offset granted by the court was for something other than the "actual support to the child" and thus, was impermissible under § 14.41(a). TEX.FAM. CODE § 14.41(a), (c) (Vernon 1986 & Supp.

1991). Moreover, since no brief was filed on behalf of the appellee, appellee has failed to direct this court, as provided by TEX.R.APP.P. 74, to any authority, nor can we locate any, which would justify the offset imposed.[1]

Accordingly, we find that the trial judge erred in reducing appellee's child support arrearage by $5,000.00.

In appellant's second and final point of error, appellant asserts that the trial court erred in failing to award prejudgment interest on the amount owed by the appellee for child support arrearage.

As previously noted, § 14.41(a) states that "[a] periodic child support payment not timely made shall constitute a final judgment for the amount due and owing." TEX.FAM.CODE § 14.41(a) (Supp.1991). Moreover, it is clear that "[p]rejudgment interest is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date certain prior to judgment." *Bivens Winchester Corp. v. Poteet,* 720 S.W.2d 659, 662 (Tex.App.—San Antonio 1986, no writ), citing *Howze v. Surety Corp. of America,* 584 S.W.2d 263, 268 (Tex.1979); *see also Lee v. Lee,* 509 S.W.2d 922, 927 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.) (where court allowed mother to recover interest on past due child support payments from the date when such payments became due and payable until date of judgment). "The trial court does not have discretion to increase or reduce prejudgment interest." *San Antonio Villa Del Sol Homeowners Ass'n v. Miller,* 761 S.W.2d 460, 462 (Tex.App.—San Antonio 1988, no writ), citing *Matthews v. DeSoto,* 721 S.W.2d 286, 287 (Tex.1986).

In this case, the trial court found that appellee was in arrears in the amount of $20,520.00 and clearly, this amount was based on monthly child support payments in "an ascertainable sum of money" which was "determined to have been due and payable at a date certain prior to judg-

ment." *Howze,* 584 S.W.2d at 268; *Bivens Winchester Corp.,* 720 S.W.2d at 662.

Therefore, we find that the appellant was entitled to prejudgment interest "as a matter of right," and accordingly, we reverse the trial court's judgment and remand the case with instructions that the trial court calculate the prejudgment interest and award the appellant the full amount of child support arrearage free of any credits or offsets.

---

1. Additionally, because the appellant's statement, that appellee's offset was based on expenses other than those necessary for the actual

support to the child, was not challenged by the appellee, it will be accepted by this court as correct in accordance with TEX.R.APP.P. 74(f).