West v. West 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-171-CV

     WALTER MAXWELL WEST, JR.,
                                                                                              Appellant
     v.

     JANET STEIN WEST,
                                                                                              Appellee
 

From the 311th District Court
Harris County, Texas
Trial Court # 87-16276
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant (plaintiff) Walter West from that portion of a judgment of the
trial court which denied him prejudgment interest on his recovery of $16,766.00, attorney's fees,
an additional $13,000.00 in alleged damages, and an equitable lien on Appellee's (defendant's)
residence to secure his money judgment.
      Appellant sued Appellee, his former wife, for breach of a marriage settlement agreement
which was incorporated into their 1982 divorce decree. The agreement provided that Appellant
would advance the monthly mortgage payments for six months on the residence Appellee received
in the settlement agreement, and that Appellee would repay Appellant if the residence was not sold
by May 5, 1983. The agreement further provided that Appellee would pay certain of the parties'
1979 and 1980 Internal Revenue Service obligations no later than May 5, 1983.
      Appellee did not repay the mortgage payments made by Appellant; she did not pay all of the
IRS obligation, and the IRS required Appellant to pay same. Appellant sued Appellee for the
mortgage payments he made, for the money he paid the IRS, and for an additional $13,000 in
alleged damages, prejudgment interest, attorney's fees, and for imposition of an equitable lien on
Appellee's residence to secure the money judgment.
      The case was tried to the trial court's Master and on February 28, 1992, the court entered a
judgment for Appellant for $16,766 but denied Appellant's recovery of prejudgment interest,
attorney's fees, the additional $13,000 alleged damages and the imposition of an equitable lien
against Appellee's residence to secure the money judgment.
      The trial court filed Findings of Fact and Conclusions of Law as follows:
Findings of Fact
      (1)  On April 5, 1982, plaintiff and defendant executed a marriage settlement agreement.
 
(2)Pursuant to the agreement plaintiff advanced monthly mortgage payments owing to
the lienholder on 819 Ivy Wall Drive, Houston, Texas, in the amount of $1,679 each
for six months totalling $10,074.
 
(3)Pursuant to the agreement defendant agreed to repay $10,074 to plaintiff on May 5,
1983, if the residence was not sold by that date.
 
(4)The residence was not sold by May 5, 1983, and defendant has not repaid plaintiff
the $10,074.
 
(5)Pursuant to the agreement defendant assumed and agreed to pay the parties' IRS
obligations for 1979 and 1980 in the amount of $17,969.19 plus penalties and
interest.
 
(6)Prior to the execution of the agreement, the IRS placed a tax lien on the residence
for non payment of the 1979 and 1980 taxes.
 
(7)Defendant failed to pay the entire tax obligation and plaintiff was required to pay
$12,809 against defendant's tax obligation.
 
(8)Pursuant to the agreement plaintiff was obligated to pay $4,500 as his share of the
parties' obligation to Allied Bank.
 
(9)Plaintiff did not pay the $4,500 to Allied Bank.
 
   (10)    Defendant paid plaintiff's $4,500 obligation to Allied Bank.
 
   (11)    Defendant paid medical bills for the parties' minor daughter, for which plaintiff was
responsible and for which defendant is entitled to offset any monies owing plaintiff, in
the amount of $1,617.

Conclusions of Law
 
(1)Defendant is indebted to plaintiff for $10,074 and $12,809, totalling $22,883.
 
(2)Defendant is entitled to credit against her obligation to plaintiff for $4,500 and
$1,617, for a total of $6,117.
 
(3)Plaintiff is not entitled to recover in this cause fees incurred in the bankruptcy court
but has an adequate remedy for recovery of such in that court.
 
(4)Plaintiff is not entitled to an equitable lien against the Ivy Wall Drive residence.
 
(5)Both plaintiff and defendant are in breach of the marriage settlement agreement.
 
(6)Plaintiff and defendant required to pay their own attorneys' fees.

      Appellant appeals on four points:
      Point one asserts the trial court erred in failing to award Appellant prejudgment interest on
the amount of his money judgment against Appellee.
      Prejudgment interest is that interest calculated on the sum payable to the plaintiff from the
time of his loss until the time of judgment. It is recoverable as a matter of right where an
ascertainable sum of money is determined to have been due and payable at a date certain prior to
judgment. Republic National Bank of Dallas v. Northwest National Bank of Fort Worth, (Tex.)
578 S.W.2d 109, 116; Phillips Pet. Co. v. Stahl, (Tex. ) 569 S.W.2d 488; Black Lake Pipe Line
Co. v. Union Construction Co., (Tex.) 538 S.W.2d 80, 95-96; Ben Franklin Svg. Assn v. Kotrla,
(Tex. App.—Houston [14th Dist.]) 751 S.W.2d 218, 224; Wheat v. American Title Ins. Co., (Tex.
App.—Houston [1st Dist.]) 751 S.W.2d 943, 945; Rauscher Pierce Refsnes v. Koenig, (Tex.
App.—Corpus Christi) 794 S.W.2d 514, 517.
      The trial court rendered money judgment for Appellant for $16,766, of which $10,074 was
for mortgage payments made by Appellant which Appellee was obligated to repay on May 5,
1983. The trial court should have awarded Appellant prejudgment interest on this $10,074 from
May 5, 1983.
      The marriage settlement agreement provided that Appellee assume and pay the IRS obligation
when the residence was sold or, if the residence did not sell, to pay the IRS obligation no later
than May 5, 1983. The IRS obligation was not paid in full by Appellee and the IRS required
Appellant to pay the sum of $12,809. Against this amount the trial court offset $4,500 Appellee
paid on Appellant's Allied Bank obligation and $1,617 Appellee paid on Appellant's obligation
to pay the parties child's medical expenses, totalling $6,117. The trial court should have awarded
Appellant prejudgment interest on $6,692 ($12,809 less $6,117) from the date Appellant paid the
IRS. Point one is sustained.
      Point two asserts the trial court erred in failing to award attorney's fees to Appellant. After
the filing of this case, Appellee filed for bankruptcy. Appellant contested her bankruptcy case and
it was dismissed. Appellant sought some $52,796 as his attorney's fees in the bankruptcy matter,
as well as $10,000 attorney's fees for this case.
      The trial court found that Appellant had an adequate remedy for recovery of his fees in the
bankruptcy case in the bankruptcy court and that he was not entitled to recover them in this case. 
The trial court further found, and the record reflects, that both parties breached the marriage
settlement agreement. In such situation we cannot hold that the trial court erred in denying any
recovery of attorney's fees. Point two is overruled.
      Point three asserts the trial court erred in failing to award Appellant additional damages of
$13,000 arising from Appellee's failure to pay the IRS tax obligation pursuant to the marriage
settlement agreement.
      As part of the marriage settlement agreement, Appellee agreed to pay the parties' IRS
obligation for 1979 and 1980. When Appellee did not pay same, the IRS seized a van owned by
Appellant and sold it at a tax sale. The buyer of the van at the tax sale purchased Appellant's
equity for $3,500 and took the van subject to a bank loan balance of $13,000 owning on the van. 
When the buyer of the van failed to pay the bank loan, the bank required Appellant to pay same. 
Appellant contends he lost the van to the IRS and still had to pay off the balance of the loan on
same because Appellee did not pay the 1979 and 1980 IRS tax obligations as she had agreed to,
and that an award to him of $13,000 damages against Appellee would place him in the position
he would have been in if Appellee had fully performed under the marriage settlement contract. 
We think such asserted damages are too remote and unenforceable and conclude that the trial court
did not err in refusing to award same. Point three is overruled.
      Point four asserts the trial court erred in failing to award an equitable lien against Appellee's
residence to secure his money judgment against her. Appellant paid six mortgage payments to the
loan company on the residence awarded to Appellee, totalling $10,074. Under the settlement
agreement Appellee was to repay Appellant if the house was not sold by May 5, 1983. The house
did not sell and Appellee did not repay Appellant the $10,074. The loan company had a lien on
the house to secure the debt.
      The IRS, prior to the execution of the marriage settlement agreement had placed a tax lien on
the residence. The agreement required Appellee to pay the 1979 and 1980 taxes due to IRS. She
did not pay all of same and Appellant paid $12,809 to the IRS against Appellee's obligation. The
trial court offset the amount Appellee was obligated to pay by $6,117 for obligations of Appellant
that Appellee paid, rendering judgment for Appellant in the amount of $16,766.
      Subrogation is a doctrine of equity. It subrogates another person in the place of the creditor
so that person in whose favor subrogation is applied succeeds to the right of the creditor in relation
to the debt. No courts of any state have gone further in applying the doctrine of subrogation than
the courts of Texas. Chicago Title Ins. Co. v. Lowrance Investments, (Tex. App.—Fort Worth,
writ ref'd) 782 S.W.2d 332, 334. Appellant, by paying the $10,074 to the loan company which
had a lien and by paying the IRS which had a lien, became subrogated to their lien rights. We
think the trial erred in not awarding Appellant an equitable lien on Appellee's residence to secure
his money judgment. Point four is sustained.
      The sustaining of points one and four requires a reversal of the judgment in part. We hold
that Appellant should recover pre-judgment interest at 6% per annum, and remand the case to the
trial court for computation of that amount and further for imposition of an equitable lien on the
residence of Appellee to secure Appellant's judgment. The judgment is otherwise affirmed. Costs
of appeal are taxed to Appellee.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reversed and remanded in part; affirmed in part
Opinion delivered and filed February 10, 1993
Do not publish