

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00759-CV

Carolyn Jane **BABBITT**,
Appellant

v.

Ronald Hugh **BELOW**,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 64
Honorable Stephen B. Ables, Judge Presiding[1]

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

Carolyn Jane Babbitt appeals the trial court's judgment, challenging the trial court's determinations regarding the amount of child support Ronald Hugh Below failed to pay, the amount of interest due, and the amount of her attorney's fees award. We reverse the trial court's judgment with regard to interest and attorney's fees, and remand for further proceedings. We affirm the remainder of the trial court's judgment.

---

[1] Sitting by appointment.

BACKGROUND

Babbitt and Below were divorced in August 1971. In the divorce decree, the trial court ordered Below to pay $120 in monthly child support. Below owed one $60 payment on the 1st of each month, and he owed a second $60 payment on the 15th of each month. The trial court ordered Below to pay this amount of child support directly to Babbitt.

In April 2013, Babbitt filed a sworn notice of application for judicial writ of withholding, alleging Below owed a total of $97,555.09 in child support arrearages, including interest. Below timely filed a motion to stay, contesting the alleged amount of arrearages and asserting equitable estoppel as an affirmative defense to the payment of interest.

At the hearing on Below's motion, Babbitt testified Below paid only $1,000 of his entire child support obligation. Below testified he paid all of his child support obligation, except for $2,820. He admitted he stopped making payments in November 1984 because Babbitt moved, remarried, changed her name, and did not inform him of her new address.

The trial court commented at the hearing that the case would be difficult to resolve because of the conflicting evidence regarding Below's payment history, the lack of documentation, and Babbitt's waiting nearly forty years to recover unpaid child support. Following the hearing, the trial court informed the parties of its ruling by letter. The letter stated:

> Without a doubt, this is the most classic case of 'he said, she said' in my 26 years on the bench.
>
> After much thought, I feel the undisputed fact that [Babbitt] waited 42 years to make a claim for support would lead a reasonable person to believe that some support was being paid.
>
> The positions are extreme, but in light of [Babbitt]'s inexplicable delay, I find [Below]'s position to be more plausible.

The trial court then entered findings of fact and conclusions of law.

The trial court found Below paid all but $2,820 of his child support obligation. The trial court concluded interest began accruing in September 1991. The total amount of arrearages, including interest, found by the trial court was $10,738.23. The trial court made no findings regarding Below's affirmative defense. The trial court also awarded Babbitt $3,000 in attorney's fees. Babbitt then filed this appeal.

## PAYMENTS

Babbitt contends the trial court abused its discretion by finding Below paid all of the child support due under the divorce decree except for $2,820. The crux of Babbitt's argument is that the trial court abused its discretion by considering her delay when it made credibility determinations. She argues that because there is no statute of limitations on filing an application for judicial writ of withholding for unpaid child support, a trial court abuses its factfinding discretion by considering a party's delay in seeking to recover child support.

Although we have held the Family Code's time-limitation provision regarding child support does not apply to an application for a writ of withholding, *In re D.W.G.*, 391 S.W.3d 154, 160 (Tex. App.—San Antonio 2012, no pet.), nothing about our holding precludes a trial court from considering an obligor's forty-year delay in seeking to recover unpaid child support when the trial court is making credibility determinations as a factfinder. *See id.* An appellate court may not interfere with a factfinder's reasonable credibility determinations when it weighs conflicting evidence. *See In re N.T.*, 335 S.W.3d 660, 664-65 (Tex. App.—El Paso 2011, no pet.). Babbitt and Below presented directly conflicting testimony. It was not unreasonable for the trial court to consider Babbitt's failure to complain about any unpaid child support for over forty years when deciding whose testimony was more credible. Because Below's testimony that he paid all but $2,820 of his child support obligation supports the trial court's finding, we affirm the part of the trial court's judgment regarding the amount of child support Below failed to pay.

**INTEREST**

Babbitt also contends the trial court abused its discretion by not awarding her interest on unpaid child support prior to September 1991 because Below admitted he stopped making payments in November 1984. The trial court concluded interest did not accrue on unpaid child support prior to September 1991, which was when the Legislature first mandated that trial courts award interest on unpaid child support. *See* Act of Jan. 25, 1991, 72nd Leg., R.S., ch. 467, §§ 1–7, 1991 Tex. Gen. Laws 1693, 1693-95.

When determining the amount of arrearages owed, a trial court must include interest. *See* TEX. FAM. CODE ANN. § 158.309(c)(1) (West 2014). "Awarding interest on child support arrearages is mandatory, and the trial court has no discretion to not award the full amount of interest due." *Chenault v. Banks*, 296 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Moreover, prior to September 1991, when the Legislature mandated the award of interest on unpaid child support, prejudgment interest accrued on unpaid child support. *In re W.G.S.*, 107 S.W.3d 624, 628 (Tex. App.—Corpus Christi 2002, no pet.); *see Medrano v. Medrano*, 810 S.W.2d 426, 428 (Tex. App.—San Antonio 1991, no writ) (holding prejudgment interest generally accrues as a matter of right on missed child support payments); *see, e.g.*, *In re R.G.*, 362 S.W.3d 118, 125 (Tex. App.—San Antonio 2011, pet. denied) (overruling a challenge to the sufficiency of evidence establishing interest on $630 of missed payments in 1985).

We review a trial court's award of interest on child support arrearages for an abuse of discretion. *See id.* When, as here, a trial court enters findings of fact and conclusions of law, we review a trial court's conclusion of law *de novo*. *In re J.M.C.*, 395 S.W.3d 839, 844 (Tex. App.—Tyler 2013, no pet.). Because the trial court did not specify a legal basis supporting its conclusion that no interest accrued before September 1991, we will affirm this part of the judgment if it is

supported by any legal theory applicable to the case and supported by the record. *See McDowell v. McDowell*, 143 S.W.3d 124, 131 (Tex. App.—San Antonio 2004, pet. denied).

The only theory presented at the hearing was equitable estoppel. However, the Legislature has deprived trial courts of the equitable power to reduce interest on unpaid child support. *Office of Atty. Gen. of Texas v. Scholer*, 403 S.W.3d 859, 863-66 (Tex. 2013). Therefore, the trial court lacked equitable power to reduce the interest Below owed based on his affirmative defense of equitable estoppel. *See id.*; *see, e.g.*, *In re M.C.R.*, 55 S.W.3d 104, 108 (Tex. App.—San Antonio 2001, no pet.) (reversing a trial court's equity-based lowering of interest on unpaid child support and noting the trial court's duty was ministerial). We hold the trial court erred by awarding no interest on unpaid child support during the period of November 1, 1984, to September 1, 1991.

Babbitt further argues she is entitled to additional interest because an August 22, 1973 letter from Below admitted he owed $1,440 as of the date of the letter. She states, "Although [Below] testified that he eventually paid the entire $1,440—and the trial court evidently accepted this testimony—[Babbitt] is entitled to interest for the year that [Below] admitted being in arrears." Interest on unpaid child support accrues as a matter of right when a trial court determines an ascertainable sum of child support became due and payable at a certain date. *Medrano*, 810 S.W.2d at 428. Unlike the proof of Below's missed payments starting in 1984, the proof that Below owed $1,440 in 1973 did not show any certain dates prior to August 22, 1973, when Below missed payments or made only partial payments. Moreover, with regard to additional interest based on this letter, Babbitt presented no evidence showing the amount of interest to which she would be entitled. Therefore, we cannot say the trial court abused its discretion by not awarding interest on any missed or partial payments prior to August 22, 1973. We reverse the trial court's judgment regarding its award of interest and remand for the trial court to award interest on Below's missed payments starting in November 1984.

**ATTORNEY'S FEES**

Babbitt also argues the trial court abused its discretion by awarding only $3,000 in attorney's fees. Because we reverse and remand in part for the trial court to award Babbitt additional interest, we also reverse the award of attorney's fees and remand for a new attorney's fees hearing so the trial court may consider the entire record and Babbitt's relative success. *See In re Estate of Vrana*, 335 S.W.3d 322, 330 (Tex. App.—San Antonio 2010, pet. denied) (explaining a trier of fact determining the reasonableness of attorney's fees may consider the entire record and the parties' relative success); *Chilton Ins. Co. v. Pate & Pate Enterprises, Inc.*, 930 S.W.2d 877, 897 (Tex. App.—San Antonio 1996, writ denied) (remanding for a new attorney's fees hearing after reversing and remanding in part).

**CONCLUSION**

We affirm the trial court's judgment awarding $2,820 in unpaid child support. We reverse the trial court's determination of the amount of interest because it does not include interest due from November 1984 to September 1991. We also reverse the award of attorney's fees. The case is remanded for the trial court to recalculate interest and for a new hearing on attorney's fees.

Luz Elena D. Chapa, Justice