**Marsha Kathleen Court LEIGHTON, Appellant,**

v.

**Kenneth A. COURT, Appellee.**

**No. B14–88–00287–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 1989.

Cynthia Driskell, Houston, for appellant.

Lester Van Slyke, Richmond, for appellee.

Before ROBERTSON, SEARS and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a decree in a suit affecting the parent child relationship. Appellant, the natural mother of Kendell Court, was appointed managing conservator of the child in the divorce decree. Appellee, the father, was named managing conservator after the trial court found the child had resided with him for more than twelve months and it was in the child's best interest for him to maintain custody of her. Appellant argues that the trial court erred in modifying conservatorship of the child under Texas Family Code 14.08(c)(4). We affirm.

The parties were divorced in Colorado on June 2, 1982 and appellant was appointed managing conservator of Kendell, who was only a year old at the time. Appellee had moved to Texas but was named possessory conservator with visiting rights on some holidays, after Kendell was old enough to travel, and for a few weeks every summer. In 1985, appellant contacted appellee to discuss her plans to quit teaching and become a stewardess. At that time she asked appellee if he would like Kendell to live with him full time. The parties agreed that Kendell should move to Texas in June of 1986 to live with her father and his wife Linda. Appellant admits that the arrangement was to extend "for a year or so" and that she intended Kendell to start first grade in Texas. The record further shows that appellant gave Ken and Linda Court full responsibility for the care and supervision of Kendell from June 6th or 7th, 1986 until July 11, 1987. Although appellant visited with Kendell on many occasions during the year, both in Texas and in Colorado, she did not tell appellee she wanted Kendell to move back to Colorado until July 11, 1987.

Even after appellant told appellee that she wanted Kendell to move back to Colorado to live, she allowed Kendell to return to Texas for the entire summer. Thus, appellant voluntarily relinquished custody and control of Kendell until August 14, 1987 when appellee filed suit and obtained a temporary restraining order to prevent appellant from taking the child back to Colorado.

Under the Texas Family Code 14.08(c)(4), a court may modify an order designating managing conservatorship if the sole managing conservator has voluntarily relinquished possession and control of the child for a period of more than 12 months and the modification is in the best interest of the child. Appellant contends there was no voluntary relinquishment as required by the code because she was required to give appellee possession of Kendell for three weeks of the summer. In support of her position, she cites this court to *Norman v. Norman*, 683 S.W.2d 548, 550 (Tex.App.—Fort Worth) *rev'd on other grounds* 692 S.W.2d 655 (Tex.1985). That case held that "voluntary relinquishment" requires an affirmative agreement to give up the child. However, there was an affirmative agreement between the appellant and appellee for Kendell to live with the Courts for at least a year. Appellant also agreed for Kendell to stay in Texas for the summer of 1987. Furthermore, the agreement was not solely for visitation but for appellee to have full custody of Kendell. Between June 6, 1986 and July 11, 1987 appellee assumed the rights and duties of the managing conservator with total financial responsibility for the child as well as responsibility for her day to day care. Appellant

arranged visits with Kendell and took on only the duties of the possessory conservator. By her own admission, she "took a leave of absence and gave [her] child to her ex-husband for a year." Therefore, during this time period there was voluntary relinquishment which goes beyond any agreement for visitation. *Bolden v. Clapp*, 751 S.W.2d 674, 677 (Tex.App.—Tyler 1988, no writ). Appellant should receive no credit for the three weeks of each summer she was required to allow Kendell to visit her father because she gave up her rights and duties as managing conservator from June 6, 1986 through August 14, 1987. Appellant's point of error is overruled.

Judgment is affirmed.