**Reversed and Remanded and Majority and Dissenting Opinions filed May 29, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00301-CV

---

**VICTORIA V. OCHSNER, Appellant**

**V.**

**PRESTON A. OCHSNER, Appellee**

---

**On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2001-54131**

---

## O P I N I O N

Victoria V. Ochsner appeals the trial court's order denying her motion for enforcement of child support order against Preston A. Ochsner. We reverse the trial court's order denying the motion for enforcement of child support order and remand this case to the court below with instructions to enter a judgment for child support arrearages.

BACKGROUND

Victoria and Preston were divorced in December 2001. During their marriage, the couple had one child, A.B.O. The divorce decree ordered Preston to pay child support, in relevant part, as follows:

> IT IS ORDERED AND DECREED that PRESTON A[.] OCHSNER shall pay to VICTORIA V. OCHSNER child support in the amount of $240[.]00 per month, in two (2) installments per month of $120[.]00 each, with the first installment being due and payable on January 1, 2002, and the second installment of $120[.]00 being due and payable on January 15, 2002, and a like installment being due and payable each 1st and 15th day of each month thereafter until the date of the earliest occurrence of one of the following events[:]
>
>       *                *              *
>
> the child no longer attends Enron's Kid's Center day care;
>
>       *                *              *
>
> On the first day of the month following discontinuation of the child's day care at Enron Kid's Center[,] PRESTON A. OCHSNER is obligated to pay and shall pay to VICTORIA V[.] OCHSNER child support of $800[.]00 per month, in two (2) installments per month of $400[.]00 each, with each payment being due and payable on the 1st and 15th days of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:
>
>       *                *              *
>
> IT IS ORDERED AND DECREED that all payments shall be made through the Harris County Child Support, P.O. Box 4367, Houston, TX 77210-4367, and then remitted by that agency to VICTORIA V. OCHSNER for the support of the child . . . .

A.B.O. stopped attending Enron Kid's Center on or before September 30, 2002. Preston continued to pay $240 per month in child support. After A.B.O. stopped attending Enron's Kid's Center, Preston paid for her to attend the following

daycare and private schools: Crayon Clock Daycare from October to December 2002; St. Nicholas Episcopal School from January 2003 to May 2004; South Hampton School from June 2004 to June 2006; and St. Thomas School from September 2006 to December 2010. The parties agree that Preston paid $78,206.06 to these facilities during October 1, 2002 through January 1, 2011. Preston testified that after A.B.O. stopped attending Enron's Kid's Center, he agreed with Victoria that instead of paying increased monthly child support payments, he would pay A.B.O's daycare and tuition. He also testified that this agreement was not reduced to writing or presented to the trial court for approval.

Victoria filed a motion for enforcement of child support order and order to appear on January 12, 2011, alleging that Preston failed to pay $800 per month in child support that was due beginning October 1, 2002 and ending January 1, 2011. Attached to the motion was a copy of the Harris County Child Support records, which reflected that Preston made monthly payments of $240 in child support and did not increase his monthly payments to $800 after A.B.O. stopped attending Enron Kid's Center. The parties agree that the difference between what Preston paid in child support and what he was required to pay by the divorce decree is $55,569.40.

The trial court conducted a hearing on Victoria's motion for enforcement and denied Vitoria's motion, concluding that the divorce decree did not contain language ordering Preston to make periodic child support payments after A.B.O. stopped attending Enron's Kid's Center. Victoria appealed to this court. This court determined that the trial court erred in concluding that no underlying order existed that required Preston to make child support payments after A.B.O. stopped attending Enron's Kid's Center and remanded the case to the trial court for proceedings consistent with its findings. *See Ochsner v. Ochsner*, 14-11-00395-

3

CV, 2012 WL 1854743, at *5 (Tex. App.—Houston [14th Dist.] May 22, 2012, no pet.) (mem. op.).

The trial court heard the matter again on January 30, 2013, and concluded that Preston was not in arrears based on the evidence that he paid daycare and private school tuition in excess of what he owed in child support. The trial court signed an order denying Victoria's motion for enforcement on February 15, 2013. Each party was ordered to pay his and her own attorney's fees. This appeal followed.

## ANALYSIS

In one issue on appeal, Victoria asserts that the trial court abused its discretion by denying her motion for enforcement of child support order.[1]

## I. Standard of Review

A trial court's decision to grant or deny the relief requested in a motion for enforcement is reviewed for abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *McBride v. McBride*, 396 S.W.3d 724, 730 (Tex. App.— Houston [14th Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it fails to analyze or apply the law correctly. *Worford*, 801 S.W.2d at 109; *In re A.L.S.,* 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). When no findings of fact and conclusions of law are filed, we imply that the trial court made all findings

---

[1] Preston asserts that Victoria waived review of her sole issue because she failed to cite to the record or provide any substantive analysis. We disagree and conclude that Victoria's brief complies with Texas Rule of Appellate Procedure 381(i). *See State v. PR Invs. & Specialty Retailers, Inc.*, 180 S.W.3d 654, 670 n.16 (Tex. App.—Houston [14th Dist.] 2005) *aff'd*, 251 S.W.3d 472 (Tex. 2008) ("In applying the Texas Rules of Appellate Procedure, including Rule 38.1, the Texas Supreme Court has instructed courts of appeals to construe these procedural rules reasonably, yet liberally, so that a party's right to appeal is not compromised by imposing requirements that are not absolutely necessary to effect the purpose of the rule in question.").

necessary to support the judgment and will uphold those findings if supported by sufficient evidence. *Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

## II. Child Support Arrearages

Victoria argues that the trial court erred in calculating child support arrearages by crediting Preston's payments to a daycare and private school. As a preliminary matter, Preston argues that he was entitled to credit on his child support arrearage for the tuition payments he made, which totaled $78,206.06.[2]

The trial court's discretion is limited in calculating child support arrearages. *Id.* A trial court may not reduce or modify the amount of child support arrearages except as specifically provided in the Family Code. Act of June 19, 2009, 81st Leg., R.S., ch. 540, § 1, sec. 157.262, 2009 Tex. Gen. Laws 1242, 1242, *repealed by* Act of June 17, 2011, 82nd Leg., R.S., ch. 508, § 24, 2011 Tex. Gen. Laws 1270, 1270;[3] *Chenault*, 296 S.W.3d at 189. "Thus, as with child support arrearages, the trial court's child support calculations must be based on the payment evidence presented, not the trial court's assessment of what is fair or reasonable." *In re A.L.S.*, 338 S.W.3d at 66.

Nevertheless, a money judgment for arrearages may be subject to a

---

[2] Preston also argues that language in the divorce decree allowed the trial court to determine whether Preston's tuition payments constituted payment of child support. The relevant portion of the decree states: "Failure of a party to make child support payments to the place and in the manner required by a Court Order may result in the party not receiving credit for the payment." We conclude that this language does not support Preston's position. Instead, it supports the position that Preston's tuition payments did not constitute child support.

[3] Because the action was brought on January 12, 2011, former section 157.262 of the statute applies. *See In re M.C.C.,* 187 S.W.3d 383, 384 (Tex. 2006). Nevertheless, the current version of the statute contains similar language, under which a trial court may not reduce or modify the amount of child support arrearages except as provided by the Family Code. *See* Tex. Fam. Code Ann. § 157.263 (b-1) (Vernon 2014).

counterclaim or offset as provided by the Family Code. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 540, § 1, sec. 157.262, 2009 Tex. Gen. Laws 1242, (repealed 2011). A counterclaim or offset may be given "for monies paid by an obligor for actual support of a child during certain time periods and lump-sum monies received by the obligee from an obligor's disability payments." *Office of Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 864 (Tex. 2013) (citing Tex. Fam. Code Ann. §§ 157.008(d), 157.009 (Vernon 2014)).

The governing statutory scheme reflects important public policy goals. Child support is not a debt; rather, it is a duty owed to the child that cannot be affected by the "quarrels, iniquities, or mutual agreements" of the parents. *Scholer*, 403 S.W.3d at 866. "The trial court plays an integral role in child support proceedings to ensure the protection of the child's best interests." *Chenault*, 296 S.W.3d at 190. Private agreements that alter child support obligations bypass this protection, violate public policy, and are unenforceable. *Id.* Parents must obtain court approval, conditioned on the best interest of the child, before they can agree to modify child support. *Scholer*, 403 S.W.3d at 866.

Neither Victoria nor Preston asked the trial court to modify the child support obligations found in the original divorce decree to allow Preston's payments to a daycare and private schools to constitute child support. Thus, even if the trial court found that the parties agreed that Preston's payment to a daycare and private school constituted child support, such an agreement is unenforceable and is not a proper basis for reducing child support arrearages. *See id.* at 867 (If a father believes that "his rights and his support obligations have been terminated, he should ensure that a court order reflects that."); *Chenault*, 296 S.W.3d at 190. (Trial court abused its discretion by crediting a father's tuition payment to the Marine Military Academy as child support.); *In re V.L.K.,* 02-10-00315-CV, 2011

WL 3211245, at *4 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.) (A written agreement between a father and a mother that the father would no longer pay child support was unenforceable.).

Further, Preston's daycare and tuition payments do not constitute a counterclaim or offset as provided by the title. The title provides for counterclaims or offsets "for monies paid by an obligor for actual support of a child during certain time periods and lump-sum monies received by the obligee from an obligor's disability payments." *Scholer*, 403 S.W.3d 859 at 864 (citing Tex. Fam. Code Ann. §§ 157.008(d), 157.009). This case does not involve voluntary relinquishment of actual possession and control of the child; nor does it involve disability payments. Therefore, subsection 157.008(d) and section 157.009 are not implicated.

Because private agreements that alter child support obligations are unenforceable, we find that the trial court abused its discretion in concluding that Preston was not in arrears. Accordingly, we sustain Victoria's single issue on appeal.

## CONCLUSION

Having sustained Victoria's single issue on appeal, we reverse the trial court's order denying the motion for enforcement of child support order and remand this case to the court below with instructions to enter a judgment for child support arrearages.


/s/    William J. Boyce
        Justice

Panel consists of Justices Boyce, Christopher, and Brown. (Christopher, J., dissenting).