**Reversed and Remanded and Majority and Dissenting Opinions filed May 29, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00301-CV

---

### VICTORIA V. OCHSNER, Appellant

### V.

### PRESTON A. OCHSNER, Appellee

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2001-54131**

---

## DISSENTING OPINION

The majority concludes that the trial court abused its discretion in finding that Preston complied with his child support obligations by paying for tuition for day care and private schools. Because the evidence at trial supports such an implied finding, I respectfully dissent.

The evidence at trial supports a finding by the court that Victoria was financially responsible for the day care and school payments and that Preston paid

the day care and schools instead of paying Victoria. In effect, the court found that those payments were paid "to Victoria," thus satisfying Preston's child support obligations.

The structure of the final decree of divorce also supports such an implied finding. The original decree of divorce ordered Preston to pay $240 a month to Victoria and it also ordered him to pay $563 a month to Enron Kid's day care. After their child stopped going to Enron Kid's day care, Preston continued to pay $240 a month to Victoria and initially paid for another day care and then private schools with after school day care.

Relying on *Chenault v. Banks*, 296 S.W.3d 186 (Tex. App.—Houston [14th Dist.] 2009, no pet.), the majority concludes that because a private agreement between the parties as to child support is not enforceable, the trial court *could not find* that Preston complied with his $800 per month child support obligation by paying Victoria's financial obligations for day care and school. In *Chenault*, the father claimed that his payment of tuition to the Marine Military Academy of $18,176.31 for one year should be a credit as to his past due child support obligations for five years.[1] However nothing in *Chenault* indicates that the father was paying a tuition obligation incurred by the mother, and I would distinguish it on that basis alone. In addition, the father in *Chenault* sought a five year credit for that payment. Here, Preston continued to make his monthly obligations by paying $240 a month and paid for monthly day care and then tuition and after school care, totaling more than $800 per month.

While I agree that parents must get court approval to modify child support obligations, I would conclude that this is not a reduction or a modification of

---

[1] Child support was ordered at $300 a month or $3,600 a year. The $18,176.31 would have covered approximately five years of child support.

Preston's child support obligations but instead is merely a finding by the court that Preston complied with his child support obligations. I would affirm the trial court's judgment. Because the majority does not, I respectfully dissent.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Boyce, Christopher, and Brown. (Boyce, J., majority).